556 A.2d 904

**DAUPHIN DEPOSIT BANK AND TRUST COMPANY, Appellant,**

v.

**George E. PIFER.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1988.

Filed April 6, 1989.

Michael W. Flannelly, York, for appellant.

Harold N. Fitzkee, Jr., York, for appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

TAMILIA, Judge:

This is a timely appeal by Dauphin Deposit Bank and Trust Company of judgment entered on a jury verdict in favor of appellee, George E. Pifer, after denial of appellant's post-trial motions. The case went to trial following the trial court's opening of the judgment by confession entered by appellant.

Appellant brought this action to recover the principle sum of $30,000 plus interest, which it loaned to appellee. The parties stipulated that on March 12, 1979 appellant loaned appellee $30,000 with no terms of repayment. The parties had had prior dealings before this loan. At trial, appellee claimed he repaid the principle plus interest on July 7, 1982 in cash, by bringing the cash into the bank and in return receiving a receipt from the bank. Appellant claims the receipt is a forgery and maintains the loan was never repaid. After hearing all of the evidence the jury returned a verdict in favor of appellee.

Appellant's first claim on appeal is that the trial court erred in prohibiting its witness Susanne Smith, of the Paul M. Smith Rubber Stamp Company, from rendering an opinion as to whether the stamp appearing on the appellee's receipt (Plaintiff's Exhibit 7), was from a stamp used by appellant, as exhibited by five samples of appellant's stamps which were brought to trial (Plaintiff's Exhibit 8). A review of Smith's testimony discloses she was never qualified as an identification expert—as pointed out by the trial court (Slip Op., Erb, P.J., 4/29/88, p. 3)—and was only involved in the manufacture of rubber stamps for the past twelve years in the employment of her company, which made stamps for appellant for a period greater than the last twelve years. Although Smith was able to testify as to the manufacturing process and the number of stamps her company made over the years she was not qualified to identify the mark made on appellee's receipt with those made by the sample of stamps presented. The question of qualifications

of a witness to give expert opinion testimony is within the discretion of the trial court. *Gottfried v. American Can Company*, 339 Pa.Super. 403, 489 A.2d 222 (1985); *Reed v. Hutchinson*, 331 Pa.Super. 404, 480 A.2d 1096 (1984). Here, no attempt to qualify the witness as an expert to render opinion testimony was made by appellant at trial, leaving the determination properly within the jury's purview. Based on a review of the testimony, we find the trial court did not abuse its discretion in so ruling.

Next, appellant claims it was error to grant appellee's request for a jury trial because the request was made in an untimely manner. Pennsylvania Rule of Civil Procedure 2960 provides:

> **Rule 2960. Proceedings upon Opening of Judgment. Pleadings. Jury Trial. Waiver**
>
> If a judgment is opened in whole or in part the issues to be tried shall be defined by the complaint if a complaint has been filed, and by the petition, answer and the Order of the court opening the judgment. There shall be no further pleadings. The right to a jury trial on the opened judgment *shall* be deemed waived unless a party files and serves a written demand for jury trial within twenty (20) days after the order opening judgment; but if the issue is referred to compulsory arbitration, Rule 1007.1 shall apply.

(Emphasis added.) Here, the petition to open the confessed judgment was granted by Order dated January 23, 1987. Appellee's request for a jury trial was not made until approximately nine months later at the November 12, 1987 pre-trial conference. The trial itself was held three months after that, February 1, 1988. Thus, appellee's request was untimely from the face of the rule. Further, the request was never made by way of a "written demand," but orally during the pre-trial conference.

As explained in the comment to Rule 2960, the sentence regarding a right to jury trial was "added to the existing Rule [2960] to incorporate the principles of Rule 1007 and Rule 1007.1 respecting demand or waiver of jury trial upon

an opened judgment." The similarity in language between Rule 2960 and Rule 1007.1(a) is evident:

### Rule 1007.1. Jury Trial. Demand. Waiver

(a) In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than twenty (20) days after service of the last permissible pleading. The demand shall be made by endorsement on the pleading or by a separate writing.

■ Neither Rule 1007.1 nor rule 2960 explicitly bar a trial court from allowing an untimely jury demand. Only a strict construction would require a finding that the rules' requirements were mandatory in nature allowing for no exception. Such a construction is generally refuted by the precepts found in Pa.R.C.P. 126:

### Rule 126. Liberal Construction and Application of Rules

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding *may disregard* any error or defect of procedure which does not affect the *substantial* rights of the parties.

(Emphasis added.) Additionally, in *Pomerantz v. Goldstein*, 479 Pa. 175, 178–79, 387 A.2d 1280, 1281–82 (1978), our Supreme Court has explained:

Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives.

. . . .

Rule 126 not only expresses the reasons why our rules are to be liberally construed—to ensure that justice is accorded the parties to a lawsuit—but also permits us to disregard procedural errors which do not affect substantial rights.

(Citations omitted.) "[T]he right to trial by jury is not a 'substantive right,' but a right of procedure through which rights conferred by substantive law are enforced." *Commonwealth v. Sorrell*, 500 Pa. 355, 361, 456 A.2d 1326, 1329 (1982).

■ As a procedural right, the right to trial by jury allows for some flexibility in its application. It is for this reason that the right can be waived. Additionally, the constitutional magnitude of the right permits greater flexibility in dealing with delayed demands for jury trial. *Hawley Bank v. Santini*, 256 Pa.Super. 203, 389 A.2d 671 (1978); 7 Std.Pa.Prac.2d § 42:6. However, this is not to imply that full compliance with the rules of procedure is not required or that failure to do so is without peril. The administration of justice requires the efficient operation of the judicial system with compliance with the rules of procedure a necessity, *Bolus v. United Penn Bank*, 363 Pa.Super. 247, 525 A.2d 1215 (1987), *appeal denied*, 518 Pa. 627, 541 A.2d 1138 (1987), but the rules cannot "be accorded the status of substantive objectives requiring rigid adherence." *Lewis v. Erie Insurance Exchange*, 281 Pa.Super. 193, 199, 421 A.2d 1214, 1217 (1980). Through Pa.R.C.P. 248, the rules allow for some exceptions in time requirements by allowing the time period of any rule of civil procedure to be lengthened or shortened by written agreement of the parties or by Order of court.

■ On appeal we normally are generally presented question of whether a waiver of the right to a trial by jury occurred, not whether a jury trial was improperly granted. Here, the trial judge granted appellee a jury trial after the twenty day period, but well before trial. The trial went forward without reversible error and justice dictates the propriety of the verdict should be upheld. Our Supreme Court has stated "there is no inherent prejudice in proceeding to trial by jury as opposed to trial before a judge." *Commonwealth v. Morales*, 508 Pa. 51, 65, 494 A.2d 367, 374 (1985) (citing *Commonwealth v. Bonacurso*, 500 Pa. 247, 455 A.2d 1175 (1983)). In upholding a trial court's

finding that a jury trial was properly waived due to the untimely nature of the request, the Court in *Jones v. Van Norman*, 513 Pa. 572, 584, 522 A.2d 503, 509 (1987), stated "considerations of prejudice to the other side play no part in enforcing a waiver of a jury trial where the provisions of Rule 1007.1(a) have not been met." Therefore, lack of prejudice to either side is not a factor in determining a waiver. Whatever tactical reason counsel may choose for proceeding with or without a jury is irrelevant to the actual fairness of the trial. Because the constitutional right is a right to jury trial and not a right to forego a trial by jury, we will not reverse a trial judge's decision to grant a tardy request for jury trial without good reason. No such reasons have been presented here.

 We find appellant's third issue on appeal concerning the propriety of the trial court's granting appellee's petition to open the confessed judgment to be waived for failure to include it in post-trial motions as required by Pa.R.C.P. 227.1(b). Under Pa.R.A.P. 311(a)(1), "[a]n order opening vacating or striking off a judgment" is an interlocutory Order appealable as of right within thirty days of the Order pursuant to Pa.R.A.P. 903(a). However, if a party chooses not to appeal such an Order within thirty days it may continue to litigate in the trial court and raise the issues concerning the Order "on any subsequent appeal in the matter from a determination on the merits" as permitted by Pa.R.A.P. 311(d)(1)(i), without constituting a waiver of any of the objections. *Kennedy & Carter Construction Company, Inc., v. Barkley*, 321 Pa.Super. 348, 468 A.2d 513 (1983). But, in order to preserve pretrial rulings on appeal from a final determination, the rulings must be raised in post-trial motions. Pa.R.C.P. 227.1(b)(2). Pennsylvania Rule of Civil Procedure 227.1(b) provides:

(b) Post-trial relief *may not be granted unless the grounds therefor,*

(1) if then available, were raised in pretrial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

**Note:** If no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief.

(2) *are specified in the motion.* The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

(Emphasis added). The 1983 Explanatory Comment to the rule explains:

In *Yudacufski v. Commonwealth, Department of Transportation,* 499 Pa. 605, 454 A.2d 923 (1982), the Supreme Court noted that the Rules of Civil Procedure governing post-trial practice "do not specifically include a requirement that pre-trial rulings must be raised in post-trial motions in order to be preserved." Subdivision (b) now contains such a provision.

Subdivision (b)(2) specifies the requisites of the motion for post-trial relief. It must state the specific grounds for the relief sought and "how the grounds were asserted in pre-trial proceedings or at trial."

Appellant's failure to include the issue in its post-trial motions did not preserve the issue for review.

■ Similarly, appellant's fourth issue on appeal claiming the verdict is against the weight of the evidence is not preserved because appellant's post-trial motions presented this allegation in a boilerplate fashion contrary to the requirements of Pa.R.C.P. 227.1(b). *Jackson v. Spagnola,* 349 Pa.Super. 471, 503 A.2d 944 (1986); *Carnicelli v. Bartram,* 289 Pa.Super. 424, 433 A.2d 878 (1981). Appellant's post-trial motions set forth this allegation as follows: "[t]he verdict for the Defendant by the jury was against the weight of the evidence presented at trial" (Record item # 28).

Accordingly, judgment affirmed.

WIEAND, J., concurs in the result.