## L.B. Foster Co. Inc. v. Brumfield

*Michael J. Manzo,* for plaintiff.
*Bernard M. Schneider,* for defendant.

WETTICK, *J.,* March 21, 1991—The subject of this opinion and order of court is defendant's motion for leave to file a demand for a jury trial nunc pro tunc. The demand was filed 25 days after service of the last permissible pleading.

Defendant has not offered a reasonable excuse for his failure to file a written demand for a jury in a timely fashion.[*] However, the granting of this motion will not prejudice plaintiff.

Pa.R.C.P. no. 1007.1(a) is the controlling rule:

"In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than 20 days after service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by a separate writing."

In January 1980 in *Selck-Minnerly Group Inc. v. Matthews Inter. Corp.,* 13 D.&C.3d 149 (1980), I considered an almost identical fact situation. The issue which I addressed was the weight to be accorded to the time limitation of Rule 1007.1(a).

The party seeking the jury trial argued that Rule 1007.1(a) should be read in light of the principles set forth in Pa.R.C.P. nos. 126 and 248 which permit the courts to disregard errors or defects of procedure which do not affect the substantive rights of the parties and to extend the time prescribed by any rule of civil procedure for the doing of any act. Conse-

---

[*] The motion alleges that the demand for a jury trial was not timely filed because of inadvertence of counsel. If inadvertence of counsel were a valid reason for disregarding the time limitations of our rules, the rules would be rendered virtually meaningless. See *E.J. McAleer & Co. Inc. v. Iceland Products Inc.,* 475 Pa. 610, 381 A.2d 441 (1977).

quently, a court, according to this party, should allow an untimely request for a jury trial in the absence of prejudice.

The party opposing the jury trial relied on the principle that adherence to the rules is obligatory on the parties and on the courts as a general rule. This party argued that a court would render meaningless the time limitation of Rule 1007.1(a) unless it used a good cause standard for waiving compliance.

As of January 1980, no appellate court cases had considered the weight to be accorded to the time limitation of Rule 1007.1(a). I viewed this as a very close case. I was not necessarily convinced that Rules 126 and 248 should be utilized through an absence of prejudice standard because the primary purpose of these rules is to ignore technicalities that will defeat potentially meritorious claims and defenses. Obviously, I did not believe that a trial before a judge would result in less consideration being given to the claims and defenses of the party seeking a jury trial. Nevertheless, I ruled that Rule 1007.1 should be governed by an absence of prejudice standard because Rule 1007.1 involved the waiver of a constitutional right.

In the 11-year period that has elapsed since I decided this issue, our appellate courts have considered this same issue. In *Jones v. Van Norman,* 513 Pa. 572, 522 A.2d 503 (1987), the defendants first requested a jury trial more than 20 days after the last permissible pleading. At the time they made their request for a jury trial, discovery was still outstanding and the trial date was at least three months away so there would have been no prejudice in granting the jury trial. The trial court held that the right to a jury trial was waived because of the failure to make a timely request in accordance with Rule 1007.1(a). The Pennsylvania Supreme Court affirmed:

"The record is clear that the Van Normans' demand for a jury trial, first asserted in their pretrial memorandum, was made more than 20 days after the last permissible pleading and, therefore, failed to satisfy the requirements of Rule 1007.1(a). Accordingly the lower court correctly held that a jury trial had been waived. In addition, considerations of prejudice to the other side play no part in enforcing a waiver of a jury trial where the provisions of Rule 1007.1(a) have not been met." *Id.* at 509.

It is significant that the *Jones v. Van Norman* opinion does not talk in terms of whether or not the trial judge abused his discretion. Instead, it concluded that the trial court "correctly" decided this issue. This conclusion, coupled with the provision that considerations of prejudice are not involved, indicate that the Pennsylvania Supreme Court has adopted a standard requiring at least a showing of good cause before a trial court may extend the time for requesting a jury trial.

We find no merit to defendant's contention that the Superior Court opinion in *Dauphin Deposit Bank and Trust Co. v. Pifer,* 383 Pa. Super. 275, 556 A.2d 904 (1989), contradicts this court's reading of *Jones v. Van Norman.* In that case a party against whom a jury returned a verdict sought a new trial because the trial court had granted the appellee's request for a jury trial that was untimely made. The Superior Court opinion appears to be based on a finding of harmless error—the absence of any inherent prejudice to the losing party from a trial by jury as opposed to a trial before a judge. Defendant points to language in the Superior Court opinion which states that the constitutional magnitude of the right to a jury trial "permits greater flexibility in dealing with delayed demands for jury trial" and

that through Rule 248, the rules allow for some extensions in time requirements. But the same opinion states that "this is not to imply that full compliance with the rules of procedure is not required or that failure to do so is without peril." *Id.* at ___, 556 A.2d at 906.

For these reasons, we enter the following order of court.

## ORDER OF COURT

On this March 21, 1991, it is hereby ordered that defendant's motion for leave to file demand for jury trial nunc pro tunc is denied.