589 A.2d 1135

TCI CONSTRUCTION CORP.

v.

**James J. GANGITANO, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1991.

Filed April 17, 1991.

622

Paul A. Barrett, Scranton, for appellant.

James V. Fareri, Stroudsburg, for appellee. (Submitted)

Before WIEAND, MONTEMURO and HESTER, JJ.

HESTER, Judge:

James Gangitano appeals from the April 24, 1990 judgment entered by the Court of Common Pleas of Monroe County following a jury trial. The judgment upheld a mechanics lien filed against appellant's property by TCI Construction Corp., appellee, in the amount of $208,303. The lien, originally filed in the amount of $222,591, was for renovation work performed by appellee on a turn-of-the-century vacation residence in the Pocono Mountains owned by appellant. Appellant argues in this appeal that many of the charges that appellee sought to collect via the mechanics lien were not charges that properly were lienable. Consequently, appellant argues that the trial court erred in refusing to grant his request for remittitur. Appellant also contends that the trial court abused its discretion by not granting a continuance when trial counsel entered his appearance less than two weeks before trial. We find no merit in appellant's arguments; accordingly, we affirm.

The record reveals the following. Appellant, a Florida resident and a New York businessman, often visited the Poconos and came upon an old home that he purchased for $100,000, which he knew would require substantial renovation. He first contracted with a local firm, Kelly, Inc., to undertake the project but problems developed with both the quality and timeliness of the work. At the time these problems developed, appellant was introduced to Joseph Campanaro, a former vice-president of appellee corporation, at a New York cocktail party. Mr. Campanaro expressed interest on behalf of appellee, a New York based firm, in expanding its work beyond the New York commercial construction field to obtain a toehold in the Pocono residential market. Initially, appellee was retained to review the work

done by Kelly, Inc. in order to render advice concerning impending litigation.

Later, appellant retained appellee to replace Kelly, Inc. as the contractor and to complete the project. Although Kelly, Inc. initially had submitted a written proposal for its project contract, appellee was retained pursuant to an oral understanding to correct and complete the project. Appellee discovered that local contractors declined to work on the project after Kelly, Inc. was replaced. Therefore, appellee informed appellant that in order for it to complete the project, it would be required to bring its own employees from New York, as well as New York contractors with whom it regularly did business in order to complete the project. Appellee also informed appellant that proceeding in this manner would require additional expenses relating to housing and feeding workers who would be away from their residences. Appellant allegedly agreed to pay these additional costs and directed appellee to proceed.

Appellant paid appellee several installments totaling $275,000 as the work progressed. He also made a number of changes in materials and details. Ultimately, appellant was displeased with the timeliness, correctness, and the cost of appellee's work. The relationship between the parties deteriorated, and appellee stopped work. As appellee's work on the project substantially was complete and the oral contract failed to include any prohibition against filing a mechanics lien, appellee filed a mechanics lien against the property for the costs of the labor, materials, and housing and feeding the workers minus the aforementioned payments.

Appellant retained several different attorneys to represent him during the course of this litigation. He did not contest the form of the lien, the notice provided, or the issue of whether the charges were lienable. Appellant's sole defense to the lien was that the charges were exorbitant, insufficiently substantiated or documented, and that he should have a set-off against the lien due to defective and incomplete work. The jury credited some of the claimed

set-off but upheld most of the renovation charges. This appeal followed.

Initially, we note that a mechanics lien claim is not a common law action. In *Sampson–Miller Assoc. Co. v. Landmark*, 224 Pa.Super. 25–26, 303 A.2d 43, 43 (1973) (footnote omitted), we stated:

> Mechanics' liens were non-existent at common law, being purely of statutory origin. As they are in derogation of the common law and since they effectively represent a special remedy in favor of a unique class of creditors, our courts have generally reviewed such claims with a strict construction of the statute which created them. *Brann & Stuart Co. v. Con. Sun Ray, Inc.*, 433 Pa. 574, 253 A.2d 105 (1969); *McCarthy v. Reese*, 419 Pa. 489, 215 A.2d 257 (1965); *see* Act of May 28, 1937, P.L. 1019, art IV § 58, 46 P.S. § 558.

Appellee contends initially that due to the special nature of mechanics liens under the Mechanics' Lien Law of 1963, 49 P.S. § 1101 et seq., the only proper manner to contest whether charges are lienable was by filing preliminary objections or a demurrer to the sufficiency of the mechanics lien. Once the propriety of the lien is admitted, the only defense is in the form of a set-off since counterclaims are not permitted. It contends that since appellant did not object to the lien but merely filed an answer challenging the merits of the complaint, appellant has only the right of a set-off and has waived procedural objections regarding the legal sufficiency of the mechanics lien documentation. *See* Pa.R.C.P. 1032 (a party waives objections which such party should have raised in the appropriate form with certain exceptions not here applicable). Furthermore, appellee contends that appellant did not raise this specific ground of error in his motion for post-trial relief and therefore has waived this issue on appeal. *See* Pa.R.C.P. 227.1(b). Accordingly, appellee contends that appellant cannot now contest on appeal the issue of whether some of the charges properly were lienable.

■ We do not agree that appellant has waived the issue of whether the lien improperly included charges that were unrelated to the renovation of the property and therefore unlienable by failing to file preliminary objections or demurring to the lien. By contesting the fact that the costs properly were incurred on the project in his answer to the lien, appellant also was contesting whether the costs properly could be liened. Appellant therefore would be entitled to a set-off for these charges. Appellant may have missed the opportunity to assert this affirmative legal defense to some of the charges in the lien by not challenging the lien facially or moving to strike various charges as inappropriate for a lien, but he still is permitted to challenge the validity and sufficiency of the project documentation that was submitted to the jury. In other words, appellant could attain the same end by different means. Therefore, since appellant did contest the terms and sufficiency of the contract and whether these charges properly were incurred, the issue was not waived by filing only an answer to the mechanics' lien complaint.

■ Nevertheless, we agree with appellee that appellant failed to preserve properly this particular argument in his post-trial motions. Our review of appellant's motion for post-trial relief and his supporting brief indicates that his arguments relate solely to the proper factual documentation of all the charges. Nowhere is there any mention of the inappropriateness of including some charges that may or may not be related directly to costs incurred by appellant in the renovation of the house as is required by the mechanics lien law. Furthermore, even though appellant does mention legal sufficiency in his post-trial motions, he does not in any manner relate this legal insufficiency of the charges to the issue of whether they are lienable under the mechanics lien statute. Instead, he makes unsubstantiated, unrelated, and boilerplate assertions of error. We often have repeated the requirement that arguments must be set forth with specificity and particularity in order to be preserved for appellate review. *See* Pa.R.C.P. 227.1(b); *Dauphin Deposit Bank &*

*Trust v. Pifer*, 383 Pa.Super. 275, 556 A.2d 904 (1989); *DiSalle v. P.G. Publishing Co.*, 375 Pa.Super. 510, 544 A.2d 1345 (1988); *Bryant v. Girard Bank*, 358 Pa.Super 335, 517 A.2d 968 (1986). Accordingly, we find that appellant has waived this issue and has failed to preserve it for our review.

Thus, there is no basis advanced by appellant upon which we can grant remittitur since the amount upheld by the jury was less than that sought and supported by appellee's evidence. Appellant therefore would have us second-guess the jury, whose province it is to resolve the factual issue of credibility in contradictory evidence adduced at trial. This we will not do. *See Daley v. John Wanamaker, Inc.*, 317 Pa.Super 348, 464 A.2d 355 (1983) (remittitur limited to excessive and unsupported damages).

██ Even if this issue had been preserved for our review, we would conclude that it is without merit. The contested charges are those for the initial consultation and estimation of the project, the rental cost of equipment not consumed entirely on this job, and the costs for housing and feeding employees transferred from New York for the project. Appellant also contested employees' expenses for liquor and telephone bills. The first of these costs was incurred before any of the work was begun and was paid for by appellant's first installment payment. Therefore, it is not among the charges included in the lien. There is a split of authority in many jurisdictions concerning how directly related the costs must be to the site work in order to be lienable under a mechanics lien. There is an absence of clear Pennsylvania case law on this subject. However, in our view these costs were incurred solely for this particular project and were either necessary for the work to go forward or are costs that appellant acknowledged specifically would be required to complete the job.

The jury concluded that the contract was a cost-plus contract rather than a fixed-price contract, and therefore the profit was earned as the project progressed and could be liened. Appellee had no other projects in the Poconos

area and did not utilize any of its employees for other projects. The jury did allow some set-off for contested charges and defective work. Consequently, these charges found valid by the jury do not represent an improper attempt by appellee to secure unliquidated damages for breach of contract or to recover general overhead costs. Instead, they represented costs incurred during the work on this particular project. As a result, these charges by nature properly were includable by appellee in its mechanics lien.

Appellant next argues that the trial court abused its discretion by denying his request for a continuance based upon the fact that trial counsel made his appearance only two weeks prior to trial. We note initially that the grant of a continuance is within the discretion of the trial court and will be reversed on appeal only for an abuse of discretion or an error of law. *See Phoenix Mutual Life Insurance Co. v. Radcliffe on the Delaware Inc.*, 439 Pa. 159, 266 A.2d 698 (1970). An abuse of discretion by the trial court is not mere error in judgment. If in reaching a conclusion the law is overridden or misapplied, or the judgment exercised manifestly is unreasonable, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or record, discretion is abused. *Fee v. Fee*, 344 Pa.Super 276, 496 A.2d 793 (1985).

Instantly, we find no evidence of an abuse of discretion. The record and the trial court opinion indicate that appellant consistently failed to comply with repeated discovery requests and failed to appear for a scheduled deposition on two different occasions without explanation. He refused to accept service by mail and his former counsel withdrew for nonpayment of fees. Appellant refused to accept service of the notice of discovery proceedings or to engage Pennsylvania counsel. Subsequent notice of the trial listing was given in accordance with local rules. No objection to the trial listing was filed until two weeks prior to trial. Under these circumstances, we conclude that the trial court properly refused to grant a continuance as it

concluded that it would serve only to delay trial for additional discovery which previously should have been completed. Therefore, we fail to find an abuse of discretion.

Judgment affirmed.

WIEAND, J., concurs in the result and files a concurring statement.

MONTEMURO, J., concurs in the result.

WIEAND, Judge, concurring.

I concur in the result. By not raising the lienability of expenses by employees of the contractor for liquor and telephone calls, appellant waived this issue and failed to preserve it for appellate review. Therefore, I find it unnecessary to express any opinion as to whether such expenses are properly the subject of a mechanic's lien proceeding and do not join that part of the majority opinion.