ARTSMITH DEVELOPMENT
GROUP, INC., Appellant

v.

Ethel R. UPDEGRAFF, Appellee.

Artsmith Development Group,
Inc., Appellee

v.

Ethel R. Updegraff, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 13, 2004.

Filed Jan. 11, 2005.

Reargument Denied March 22, 2005.

Glenn C. Vaughn, York, for Artsmith.

Michael J. Wilson, for Updegraff.

Before: FORD ELLIOTT, JOYCE and BECK, JJ.

BECK, J.:

¶ 1 Plaintiff-appellant Artsmith Development Group, Inc. (Artsmith), filed this mechanics' lien action against defendant-cross-appellant Ethel R. Updegraff, for amounts remaining unpaid after Artsmith built a house on Updegraff's land in accordance with a construction contract between the parties. After a bench trial, the trial court awarded Artsmith a lien against the real property in the amount of $24,171.50. Artsmith and Updegraff filed post trial motions which were denied. This timely appeal and cross-appeal followed.

¶ 2 In its appeal, Artsmith argues it should have been awarded additional lien amounts for change order fees, profit on changes, interest and attorneys' fees. In her cross-appeal, Updegraff challenges the entire lien, arguing that the claim was improperly amended, and that the underlying work was unsatisfactory. We affirm in part and reverse and remand in part.

¶ 3 We first address Artsmith's argument that it should have been awarded a lien for a greater amount, including $650 for change order fees, $18,129.00 for interest, $2106.00 for profit on changes, and an unspecified amount for counsel fees. With regard to the change order fees, the trial court held that Artsmith did not follow the contractual procedure for written change orders, and therefore this amount was not properly documented and earned. After our review of the record, we find no error in this holding.

¶ 4 The trial court further held that the amounts claimed for interest, attorneys' fees and profit on changes were not properly the subject of a mechanics'

lien claim. With regard to interest and attorneys' fees, we agree. The relevant statute provides, in pertinent part:

> Every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his sub-contractors *for labor or materials* furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim ... shall exceed five hundred dollars ($500).

49 P.S. § 1301 (Purdon 2001) (emphasis added). The statutory basis for a mechanics' lien expressly limits the lien to amounts owed for labor and materials only. The mechanics' lien law is "intended to protect the prepayment labor and materials that a contractor invests in another's property, by allowing the contractor to obtain a lien interest in the property involved." *Matternas v. Stehman,* 434 Pa.Super. 255, 642 A.2d 1120, 1124 (1994).

¶ 5 A mechanics' lien cannot be made the basis of recovery of unliquidated damages for breach of contract. *Alan Porter Lee, Inc. v. Du–Rite Products Co.,* 366 Pa. 548, 79 A.2d 218 (1951). Moreover, a mechanic's lien proceeding is not intended to settle the contractual obligations of the parties. *Matternas, supra. See also TCI Const. Corp. v. Gangitano,* 403 Pa.Super. 621, 589 A.2d 1135, 1137 (1991) (housing and feeding of employees, in addition to costs of equipment, labor and materials, were costs that were incurred solely for the particular project and were necessary for the work to go forward and were properly lienable in mechanics' lien action; claim was not an attempt to recover unliquidated damages for breach of contract); *Halowich v. Amminiti,* 190 Pa.Super. 314, 154 A.2d 406 (1959) (me-

chanics' lien can be sustained only for work done or materials furnished and not for unliquidated damages for breach of contract).

■ ¶ 6 Instead, the mechanics' lien law authorizes a special remedy in favor of a unique class of creditors and the liens are thus generally reviewed with a strict construction of the statute that created them. *Sampson–Miller Assoc. Companies v. Landmark Realty Co.*, 224 Pa.Super. 25, 303 A.2d 43 (1973). Any questions of interpretation of the mechanics' lien law should be resolved in favor of a strict, narrow construction. *Denlinger v. Agresta*, 714 A.2d 1048 (Pa.Super.1998).

¶ 7 The mechanics' lien law provides the following definitions. The term "labor" includes the furnishing of skill or superintendence. 49 P.S. § 1201(9). The term "materials" is defined as "building materials and supplies of all kinds, and also includes fixtures, machinery and equipment reasonably necessary to and incorporated into the improvement." 49 P.S. § 1201(7). The trial court denied Artsmith's claim for attorneys' fees and interest because the mechanics' lien statute—as strictly construed—does not authorize a lien for these amounts, and we hold that conclusion was correct. 49 P.S. § 1301. Items other than labor and materials are more properly sought in an action for breach of the construction contract, if that contract authorizes recovery of interest and attorneys' fees.[1] *See Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572 (Pa.Su-

per.2003) (interest was recoverable in action for breach of construction contract).

■ ¶ 8 Although profit is not specifically enumerated in § 1301 as an item recoverable in a mechanics' lien, nor is it mentioned in the statutory definitions of "labor" and "materials," we find decisional law permits the inclusion of profit. The rationale is that unless profits are counted the contractors' labor would be provided for free.

¶ 9 In *Murphy v. Bear*, 240 Pa. 448, 452, 87 A. 854, 856 (1913), our Supreme Court stated:

"When a contractor stipulates to put up a building and the owner agrees with him that he shall do so, and the terms are expressed, it must follow as a consequence that the mechanic acquires some profit if he accomplishes the work, and the owner binds himself to pay it, and this subjects the real estate to the possibility of a lien as a result of nonpayment on his part." That this is a correct view of the law, and that in this sense profits may be included in a lien, are obvious.

*See also Johnson v. Kusminsky*, 287 Pa. 425, 135 A. 220 (1926) (in mechanics' lien proceeding, contractor was entitled to whatever made up the cost of labor and material, including operating expenses and profit).

¶ 10 Therefore, with regard to Artsmith's appeal, we reverse the trial court's decision on this claim only, and remand for a recalculation of the mechanics' lien amount including profit of $2106.00.[2]

---

1. A civil action is not barred by the pendency of an action *in rem* upon a mechanics' lien, nor is the mechanics' lien claim barred by the pendency of the civil action; the plaintiff is at liberty to proceed against the property at the same time he resorts to a personal action against the defendant, though he is limited to one ultimate satisfaction. Summ.Pa.Jur.2d

§ 20:2. *See also* 49 P.S. § 1702; *Matternas, supra.*

2. Obviously, to the extent that any part of this amount pertains to change fees that were denied by the trial court because they were not properly documented or incurred in accordance with the contract provisions, that amount of profit is not recoverable.

¶ 11 We now turn to Updegraff's argument in her cross-appeal that the mechanics' lien complaint was not specific enough, and was amended in an improper and untimely manner. The claim is meritless, as the trial court simply allowed Artsmith to support its original claim with more complete documentation and explanation. We find no prejudicial error here. Likewise, we find no error in the trial court's conclusion that Updegraff owes Artsmith money for the work performed. The trial judge heard testimony from several witnesses, and made credibility determinations with regard to the work performed and the agreement of the parties. His decision was supported by the evidence of record, and we find no abuse of discretion in his conclusions.

¶ 12 Order affirmed in part and reversed in part. Remanded for recalculation of lien to include profit on approved changes. Jurisdiction relinquished.