J-A08002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FRED DENIG, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| 501 GRANDVIEW, INC., A | : | |
| PENNSYLVANIA CORPORATION, AND | : | |
| 501 GRANDVIEW ASSOCIATES, LP, A | : | |
| PENNSYLVANIA LIMITED | : | |
| PARTNERSHIP, | : | |
| | : | |
| Appellants | : | No. 1081 WDA 2013 |

Appeal from the Judgment Entered June 6, 2013,
In the Court of Common Pleas of Allegheny County,
Civil Division, at No. G.D. 09-21205.

BEFORE:  SHOGAN, OLSON and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                   **FILED AUGUST 22, 2014**

501 Grandview, Inc. and 501 Grandview Associates, LP (collectively,

"Grandview") appeal from the judgment entered in favor of Fred Denig, Jr.

("Denig") following a non-jury trial.  We affirm.

Denig performed contract work as an architect for Grandview.

Pursuant to a contract dated March 28, 2006, Denig provided drawings and

supervisory services for the construction of a five-story, eleven-unit,

condominium/apartment building for a flat fee of $150,000.00 ("the

Project").  As the Project developed, Grandview requested that Denig

prepare revisions, as well as additional drawings and plans.  Denig

performed some of the additional work for which he was paid; he performed other portions of the additional work for which he was not paid. Eventually, Grandview and Denig ended their relationship. Grandview claimed the last day Denig furnished services under the contract was April 30, 2009. Denig maintained his last performance of contract work was a site visit on May 18, 2009. Denig's invoiced but unpaid fees totaled $17,710.00, including $9,000.00 for contract administration.

Denig filed a mechanics' lien on November 16, 2009. Mechanic[s'] Lien Claim, 11/16/09, at Exhibit C. Damages were based, in part, on two invoices: one dated March 31, 2009, for unpaid work totaling $8,710.00 (Trial Exhibit 30), and one dated April 30, 2009, for contract administration services totaling $9,000.00 (Trial Exhibit 31). According to an AIA application certificate (Trial Exhibit 32), Denig approved payment by the bank and agreed that construction had reached 35% as of April 30, 2009. However, through testimony at trial, Denig claimed an additional $1,000.00 for contract administration performed in April 2009 and disputed that the Project was only 35% complete as of April 30, 2009. Denig further testified that the Project was almost 50% complete at the time of his termination.

Denig's mechanics' lien claim resulted in a verdict in his favor on March 18, 2013, for $17,710.00. Grandview filed post-trial motions, which the trial court denied. Order, 6/3/13. Judgment was entered on June 6,

2013. Grandview timely appealed. Both Grandview and the trial court subsequently complied with Pa.R.A.P. 1925.

On appeal, Grandview presents the following issues for our consideration:

1. DID THE TRIAL COURT ERR IN FINDING THAT [DENIG] HAD COMPLETED 50% OF HIS CONTRACTED WORK?

2. DID THE TRIAL [COURT] DISREGARD CLEAR LAW AND EVIDENCE THAT [DENIG] HAD FAILED TO MEET THE CONDITIONS PRECEDENT IN THE WRITTEN AGREEMENT BETWEEN THE PARTIES?

Grandview's Brief at 3.[1]

Initially, we note that the issues presented in Grandview's appellate brief differ from those raised in its Rule 1925(b) statement. Upon examination of the various issues, however, we conclude that the questions presented on appeal are fairly subsumed in the third error raised in

---

[1] According to Pa.R.A.P. 2119(a), "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." We note that Grandview's Brief violates Rule 2119(a) in that it contains two questions but only one argument section. Nonetheless, because this violation does not hamper our review, we shall address Grandview's issues. We also note, however, that Grandview attempts to argue in its brief that the trial court improperly awarded damages for extra work beyond the scope of the contract. We agree with Denig that Grandview has waived this issue by failing to include it in its Statement of Questions Involved. *See* Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

Grandview's Rule 1925(b) statement. Because Grandview's two questions presented are inter-related, we shall address them in tandem.

Here, the trial court sat as the finder of fact. Appellate review in non-jury cases implicates the following general principles:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue... concerns a question of law, our scope of review is plenary.
>
> The trial court's conclusions of law on appeal originating from a non-jury trial "are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts" of the case.

*Wyatt Inc. v. Citizens Bank of Pennsylvania*, 976 A.2d 557, 564 (Pa. Super. 2009) (quoting *Wilson v. Transp. Ins. Co.*, 889 A.2d 563, 568 (Pa. Super. 2005) (citations omitted)).

In the case at hand, we view the evidence in the light most favorable to Denig, the verdict winner. *Stratford v. Boland*, 452 A.2d 824, 826 (Pa. Super. 1982) (citation omitted). Moreover, we will not disturb the trial court's credibility determinations. *See Atlantic LB, Inc. v. Vrbicek*, 905

A.2d 552, 557 (Pa. Super. 2006) (citations omitted) ("Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact.").

The genesis of this matter is Denig's mechanics' lien claim. The Mechanics' Lien Law, 49 P.S. §§ 1101–1902 (the "Act"), allows a contractor to assert a lien "for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement." 49 P.S. § 1301. The Act includes in its definition of contractor: "architects . . . who, by contract with the owner, express or implied, in addition to the preparation of drawings, specifications and contract documents also superintends or supervises any such erection, construction, alteration or repair." 49 P.S. § 1201(4).

We have explained that:

[t]he statutory basis for a mechanics' lien expressly limits the lien to amounts owed for labor and materials only. The mechanics' lien law is "intended to protect the prepayment labor and materials that a contractor invests in another's property, by allowing the contractor to obtain a lien interest in the property involved." **Matternas v. Stehman**, 434 Pa.Super. 255, 642 A.2d 1120, 1124 (1994).

A mechanics' lien cannot be made the basis of recovery of unliquidated damages for breach of contract. **Alan Porter Lee, Inc. v. Du-Rite Products Co.**, 366 Pa. 548, 79 A.2d 218 (1951). Moreover, a mechanic's lien proceeding is not intended to settle the contractual obligations of the parties. **Matternas**, **supra**. **See also TCI Const. Corp. v. Gangitano**, 403 Pa.Super. 621, 589 A.2d 1135, 1137 (1991) (housing and

feeding of employees, in addition to costs of equipment, labor and materials, were costs that were incurred solely for the particular project and were necessary for the work to go forward and were properly lienable in mechanics' lien action; claim was not an attempt to recover unliquidated damages for breach of contract); **Halowich v. Amminiti**, 190 Pa.Super. 314, 154 A.2d 406 (1959) (mechanics' lien can be sustained only for work done or materials furnished and not for unliquidated damages for breach of contract).

Instead, the mechanics' lien law authorizes a special remedy in favor of a unique class of creditors and the liens are thus generally reviewed with a strict construction of the statute that created them. **Sampson-Miller Assoc. Companies v. Landmark Realty Co.**, 224 Pa.Super. 25, 303 A.2d 43 (1973). Any questions of interpretation of the mechanics' lien law should be resolved in favor of a strict, narrow construction. **Denlinger v. Agresta**, 714 A.2d 1048 (Pa.Super.1998).

**Artsmith Development Group, Inc. v. Updegraff**, 868 A.2d 495, 496–497 (Pa. Super. 2005).

Grandview challenges the award of contract administration fees totaling $10,000.00 to Denig. Grandview argues that 50% completion of the Project was a condition precedent to Denig receiving one-half of his contract administration fees. According to Grandview, because Denig submitted an application certificate for payment (Trial Exhibit 32) that indicated the Project was 35% complete as of April 30, 2009, he did not fulfill the condition precedent and, consequently, was not entitled to payment for contract administration. Grandview's Brief at 13. Therefore, Grandview complains, the trial court erred in finding that Denig was entitled to contract administration fees of $10,000.00. Grandview's Brief at 12.

In response, Denig argues that he completed contract administration services valued at $10,000.00, which he was entitled to receive from Grandview. Denig's Brief at 6. Denig further contends that the contract administration provision refers to when Denig would bill for those fees; it was not a condition precedent to receipt of the contract administration fees. *Id.* at 7.

The contract language regarding contract administration appears in the context of billing for fees:

> The fee for our services is One Hundred Fifteen Thousand Dollars ($115,000.). Prints will be billed separately at cost, however we will provide you with two sets of prints at each stage of the design work at no cost. Building permits and other inspect fees are not included in our fee. **Fees are due within fourteen (14) days of invoice and will be billed as follows:**
>
> - $8,000.00 initial payment
>
> - $25,000.00 for the design phase (architectural, and structural, basic MEP, with outline specifications)
>
> - $53,000.00 for the contract documents phase
>
> - $6,000.00 for the bidding/negotiation phase
>
> - **$23,000.00 for contract administration, half at 50% completion and half at completion of construction.**

Preliminary Objections, 12/17/09, at Exhibit F (emphasis supplied).

Applying a strict, narrow construction of the Mechanics' Lien Law, we disagree with Grandview that 50% completion of the Project was necessary for Denig to secure payment for contract administration he completed as of

May 18, 2009, through a mechanics' lien. Denig's mechanics' lien was not intended to settle the contractual obligations of the parties, but to secure payment due from Grandview for contracted work that Denig completed. Furthermore, the trial court found, and the record supports, that adequate work had been performed to justify the $10,000.00 for contract administration services.

The trial court addressed the topics of contract administration and completed work as follows:

> I concluded that at the time of [Denig's] termination as the architect for the [P]roject, he had performed work under the written contract for which he had not been paid in the amount of $17,710.00. While the testimony and evidence on this issue is complicated and at times confusing, [Grandview] does not appear to be vigorously challenging this substantive contention. Rather, [Grandview] appears to challenge only whether an obligation to pay this amount had been triggered under the terms of the original contract, sufficient to support a mechanics' lien claim at this time. [Grandview] relies upon terms and conditions in the written contract which indicated that certain lump sum payments are to be made to [Denig] upon the completion of certain percentages of work within certain categories of work. For instance, with respect to [Denig's] claim for payment for contract administration work the contract states that [Denig] shall be paid "$23,000.00 for contract administration, half at 50 percent completion and half at completion of construction." [Grandview] offered into evidence documents including representations by [Denig] indicating that the [P]roject at or about the time of his termination was approximately 35 percent complete. These documents, however, do not constitute the entire universe of evidence with respect to the question of the percentage of completion of any particular category of work. [Denig] himself testified at trial that notwithstanding representations and documentation generated pursuant to the contract, he believed that adequate work had

been completed on the written contract as to specific categories of work sufficient to trigger payment obligations in the total amount of $17,710.00. While the Court is cognizant of the fact that there exists a material factual dispute as to this finding, the Court finds [Denig's] testimony credible and competent and capable of supporting the relief being sought as to this issue and concludes that [Denig] has met his burden with respect to this contention. Accordingly, I find that the evidence supports the factual finding that at the time of his termination [Denig] was owed $17,710.00 for work completed under the original written contract with [Grandview]. (Again, as noted above, without respect for any available counterclaims or setoffs that [Grandview] may assert in subsequent proceedings).

Trial Court Opinion, 7/18/13, at 2–3.

Given the record before us and our deferential standard of review, we discern no abuse of discretion or legal error in the trial court's conclusions that Denig was entitled to $10,000.00 for contract administration services. The Act allows Denig to assert a lien "for the payment of all debts due by [Grandview] to [Denig] . . . for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement." 49 P.S. § 1301; *Stratford*, 452 A.2d at 825. Denig testified and presented documentary evidence that he had performed $10,000.00 worth of contract administration services as of April 2009. N.T., 3/8/13, at 51–54, 129–131, 136–137; Trial Exhibit 31 (4/30/09 Invoice). The trial court was free to accept Denig's unrebutted testimony as credible in concluding that $10,000.00 was due by Grandview to Denig for contract administration services completed as of April 2009. We will not disturb the trial court's

credibility determination. *Atlantic LB, Inc.*, 905 A.2d at 557. Grandview's contrary arguments do not warrant relief.

Judgment affirmed.

WECHT, J., files a Concurring Memorandum.

OLSON, J., Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014