J. A16026/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EXCELL HOMES, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 3999 EDA 2017 |
| | : | |
| MICHELE SCHALLER | : | |

Appeal from the Order Entered November 27, 2017,
in the Court of Common Pleas of Pike County
Civil Division at No. 18-2011-Civil

BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 07, 2018**

Excell Homes, Inc., appeals the November 27, 2017 order entered in the Court of Common Pleas of Pike County striking the mechanics' lien claim that it filed on January 4, 2011, against appellee, Michelle Schaller ("Schaller"), for failure to timely prosecute under 49 P.S. § 1701(d).[1]  We affirm.

The trial court set forth the following:

> This matter arrives before the Court as a dispute over
> a construction contract.    On  January  4,  2011,

---

[1] We note that the order being appealed from is dated November 20, 2017, but was not entered on the docket until November 27, 2017.  "Generally, the time for appeal commences following the entry of a final order.  For this purpose, an order is 'entered' when it has been docketed and notice of the docketing has been given to the parties."  ***Reeves v. Middletown Athletic Ass'n***, 866 A.2d 1115, 1120 (Pa.Super. 2004) (citations omitted).  Therefore, we have amended the caption to accurately reflect that appellant appeals from the November 27, 2017 order, as opposed to the November 20, 2017 order.

[appellant] filed a Mechanic's Lien against [Schaller] in the amount of $144,720.87, plus interest and costs, for the alleged breach of a construction agreement. On April 6, 2011, [a]ppellant filed a Complaint in Action upon Mechanics' Lien. On August 5, 2016, following a series of Answers, New Matters, and Preliminary Objections, [Schaller] filed a Motion to Strike Mechanics' Lien ("Motion"). A hearing on the Motion was held on January 24, 2017.

On April 11, 2017, after conferencing with attorneys for each party, we issued an Order finding that ninety-two (92) days remained for [a]ppellant to win a verdict or judgment and denying the Motion as premature. On November 13, 2017, [Schaller] filed a new Motion to Strike Mechanics' Lien, which was granted by this Court fourteen (14) days later. On December 14, 2017, [a]ppellant filed a Notice of Appeal challenging our Order dated November 20, 2017[, which was docketed on November 27, 2017.]

Trial court opinion, 2/23/18 at 1-2.

The record reflects that the trial court then ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court then filed its Rule 1925(a) opinion.

Appellant presents the following issues for our review:

[1.] Whether the trial court erred and abused its discretion in determining in its April 11, 2017 order that there were only ninety-two (92) days remaining for [appellant] to obtain a final judgment on its mechanic's lien claim based upon the facts of the case, since [Schaller] delayed the listing of the case for trial[?]

[2.] Whether the appellant was unable to obtain a final judgment, through no fault of its own, because the trial court was under-manned and

> the appellant, because of that, was unable to obtain a trial date after September 1, 2017, when the case was scheduled for trial, but did not proceed because only a one-half day was scheduled by the court administrator[?]

Appellant's brief at 4 (full capitalization omitted).

Because the Mechanics' Lien Law authorizes a special remedy in favor of a unique class of creditors, we generally review mechanics' liens with a strict construction of the statute that created them. ***Artsmith Dev. Group, Inc. v. Updegraff***, 868 A.2d 495, 497 (Pa.Super. 2005) (citation omitted). Accordingly, questions regarding the interpretation of the Mechanics' Lien Law should be resolved in favor of a strict, narrow construction. ***Id.*** In reviewing the interpretation and application of the Mechanics' Lien Law, our scope of review is plenary and non-deferential. ***Terra Tech. Svcs., LLC v. River Station Land, L.P.***, 124 A.3d 289, 298 (Pa. 2015).

Section 1701(d) of the Mechanics' Lien Law provides:

> A verdict must be recovered or judgment entered within five (5) years from the date of filing of the claim. Final judgment must be entered on a verdict within five (5) years. If a claim is not prosecuted to verdict or judgment, as provided above, the claim shall be wholly lost: Provided, however, That in either case, if a complaint has been or shall be filed in the cause and if the cause has been or shall be at issue, all time theretofore or thereafter consumed in the presentation and disposition of all motions and petitions of defendants, substituted defendants and intervenors in the cause, and in any appeal or appeals from any order in the cause, from the date of perfection of such appeal to the date of return of the certiorari from the appellate court to the court of

> common pleas, shall be excluded in the computation of the five (5) year period herein provided.

49 P.S. § 1701(d).

Here, the record reflects that appellant filed its mechanics' lien claim on January 4, 2011.[2] Schaller filed her first motion to strike on August 5, 2016. The trial court held a hearing on that motion on January 24, 2017. On April 11, 2017, the trial court entered an order denying Schaller's first motion to strike, concluding that:

> As of the filing of [Schaller's first motion to strike,] two thousand forty (2040) calendar days, or five (5) years, seven (7) months, and one (1) day, elapsed from the date the original clam was filed. However, once the time consumed by [Shaller's] Motions, a total of three hundred seven (307) days, is take[n] into account[, appellant] still has ninety-two (92) days during which to take the case to verdict or judgment. The Court further notes that because [Schaller's] current objection to [appellant's] intent to list this matter for trial is still unresolved the ninety-two (92) days will remain tolled until that Objection is resolved.

Trial court opinion, 4/11/17 at 5.

---

[2] We note that appellant contends that the five-year period set forth in Section 1701(d) begins to run on the date on which the claimant files a complaint, as opposed to the date on which the claimant files the mechanics' lien claim. (Appellant's brief at 10.) The plain language of the statute, however, clearly states that "[a] verdict must be recovered or judgment entered within five (5) years from the date of filing of the claim." 49 P.S. § 1701(d). **See also Martin Stone Quarries v. Robert M. Koffel Builders**, 786 A.2d 998, 1003-1004 (Pa.Super. 2001) (setting date that five-year period begins to run on the date the mechanics' lien claim was filed).

In its brief, appellant concedes that Schaller's objection to appellant's intent to list the matter for trial was resolved on August 8, 2017. As such, the five-year period set forth in Section 1701(d) began to run again on that date.

Appellant first complains that the trial court erred in determining that there were only 92 days remaining for appellant to obtain a final judgment or take the case to verdict because Schaller delayed the listing of the case for trial. Appellant contends that because Schaller attempted to delay trial by insisting that discovery was not complete, "the entire period of time from March 20, 2013," the date on which the trial court granted Schaller's motion to strike certificate of readiness striking the case from the April 2013 civil trial term, "through at least August 25, 2016," the date on which Schaller filed an objection to notice of intention to list matter for trial, should be "excludable from the five (5) year computation," thereby excluding "three (3) years and four and one-half months (4½) months" from the calculation. (Appellant's brief at 12.) As noted by the trial court, "the fairness of the parties' behavior is irrelevant to [the] calculation" and "the statute's plain language requires [appellant] to bring the matter to verdict within five (5) years of the filing of the claim." (Trial court opinion, 4/11/17 at 4.)

We further note that the record reflects that after the trial court granted Schaller's motion to strike certificate of readiness on March 20, 2013, appellant failed to respond. The record further reflects that more than

two years passed before appellant filed anything in this case.[3]  Appellant now seemingly requests that it be rewarded for being dilatory and shirking its statutory responsibility to bring this matter to verdict within the statutorily required five-year period.  The plain language of the statute clearly precludes that result.

Appellant next complains that because the trial court was unable to try the case within the 92 days that remained, appellant was unable to obtain a verdict within the time remaining.  This complaint is equally unavailing.  Again, the statutory language required appellant to bring the case to verdict within the five-year statutory period.  Appellant chose to do nothing for 26 months.  Just as we are bound by a strict, narrow interpretation and application of the Mechanics' Lien Law, appellant is bound by its choice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/18

---

[3] The trial court docket sheet reflects that on May 16, 2013, appellant's then-counsel withdrew his appearance and new counsel entered his appearance.  Appellant filed nothing further until June 15, 2015, when it filed an answer to objections to subpoena pursuant to Pa.R.Civ.P. 4009.21.