603 A.2d 1069

**Frank ADAMSKY and Laura Adamsky, His Wife**

v.

**Mack PICKNICK, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 29, 1992.

Filed March 3, 1992.

Thomas J. Graham, Washington, for appellant.

David S. Posner, Washington, for appellees.

Before TAMILIA, HUDOCK and BROSKY, JJ.

TAMILIA, Judge:

Appellant/landlord, Mack Picknick, takes this appeal from the May 2, 1991 judgment awarding appellees/tenants $780, an amount equal to double their security deposit.

In June, 1988, appellees, Frank and Laura Adamsky, agreed to rent an apartment from appellant pursuant to an oral month-to-month lease. In October, 1988, after failing in several attempts to get in touch with appellant to request repairs, appellees installed a dead bolt lock on the front door of the apartment because the door would not adequately latch. They also installed a latch on the kitchen door

leading to the garage. On November 1, 1988, appellees notified appellant by way of a certified letter that they would be vacating the premises on or about December 15, 1988. Appellees provided appellant with a forwarding address on the envelope of the letter. On December 9, 1988, appellees moved all of their belongings from the apartment and, on December 11, 1988, when appellant came to the vacated premises to inspect it, appellees attempted to turn over their keys to him and requested the return of their $390 security deposit. Appellant refused to accept the keys or return the security deposit, stating appellees had to produce paid utility bills for December. On December 29, 1988, appellant accepted appellees' return of the keys but still did not return their security deposit. Instead, on January 26, 1989, appellant sent appellees a letter listing damages totalling $529.84, a sum of $139.84 in excess of the security deposit. The principal item was $490 to replace both the front and kitchen doors. Appellant's foremost reason necessitating the change of doors was that the dead bolt on the front door was not in harmony with the doors in his other units and thus was not aesthetically pleasing.

Because their security deposit was never returned to them, appellees commenced proceedings against appellant and following awards for appellees by both a district justice and an arbitration board, appellant appealed. After a non-jury trial, the trial court awarded appellees damages worth double their security deposit. The court found appellant's list of damages was untimely since appellees vacated the premises on December 9, 1988, and appellant failed to sustain his burden of proof as to the damages appellees caused to the apartment. The court also dismissed appellant's counterclaim for actual damages. Following denial of post-trial motions and entry of judgment, this appeal was filed.

The Landlord and Tenant Act, 68 P.S. § 250.512, Recovery of improperly held escrow funds, is subject of appellant's claims and states in relevant part:

(a) Every landlord shall within thirty days of termination of a lease or upon surrender and acceptance of the leasehold premises, whichever first occurs, provide a tenant with a written list of any damages to the leasehold premises for which the landlord claims the tenant is liable.

. . . .

(b) Any landlord who fails to provide a written list within thirty days as required in subsection (a), above, shall forfeit all rights to withhold any portion of sums held in escrow, including any unpaid interest thereon, or to bring suit against the tenant for damages to the leasehold premises.

(c) If the landlord fails to pay the tenant the difference between the sum deposited, including any unpaid interest thereon, and the actual damages to the leasehold premises caused by the tenant within thirty days after termination of the lease or surrender and acceptance of the leasehold premises, the landlord shall be liable in assumpsit to double the amount by which the sum deposited in escrow, including any unpaid interest thereon, exceeds the actual damages to the leasehold premises caused by the tenant as determined by any court of record or court not of record having jurisdiction in civil actions at law. The burden of proof of actual damages caused by the tenant to the leasehold premises shall be on the landlord.

. . . .

(e) Failure of the tenant to provide the landlord with his new address in writing upon termination of the lease or upon surrender and acceptance of the leasehold premises shall relieve the landlord from any liability under this section.

■ The primary issue before us is whether the trial court erred in rejecting appellant's claims for damages to the leased premises, that is, did appellant have any legally valid reason to withhold the security deposit from appel-

lees? We agree with the trial court appellant failed in his burden to prove any actual damages to the apartment. Appellant contends appellees damaged the aesthetic appearance of the property because of the unapproved addition of the deadbolt lock to the front door and the latch to the kitchen door. Because appellant wants all of his apartments to look exactly alike, he argues the charge to appellees of $490 for replacing the doors was justified.

■ Since the locks installed by appellees did not affect the operation of the doors and only changed their appearance slightly, appellees caused no actual damage to the doors. We hold the landlord improperly withheld the tenants' security deposit under the facts of this case in which the only minor changes to the premises did not cause any damage but instead simply disturbed the subjective aesthetic sensitivities of the landlord. This is particularly true in this instance whereby appellees complained to appellant about the failure of the doors to latch securely, and appellant did nothing to rectify the situation causing appellees to install a deadbolt and latch for security purposes. We also note the doors had not been changed at the time of trial, almost two years after appellees vacated the premises.[1] This brings into question the sincerity of the alleged affront to appellant's aesthetic sensibilities requiring replacement of the two doors.

■ Next, appellant contends he should have been discharged from returning the security deposit because appellees never provided him with their new address in writing pursuant to section 250.512(e) of the Landlord and Tenant Act, *supra*. We do not dispute the trial court's finding the appellees provided appellant with their new address on the

---

1. Appellant also argues the trial court neglected to take into account the costs of $26.50 for carpet cleaning and $3.37 for plumbing. We may not consider this contention as appellant failed to specifically raise the issue of these damages in his post-trial motions, and the trial court, in the best position to evaluate such a factual dispute, was never given a chance to resolve this claim. *Dauphin Deposit Bank and Trust Co. v. Pifer*, 383 Pa.Super. 275, 556 A.2d 904 (1989); Pa.R.C.P. 227.-1(b).

envelope of the November 1, 1988 letter to appellant. Further, appellant's statement to appellees on December 29, 1988, when he said he would get in touch with appellees within thirty days about the security deposit, evidences his knowledge of appellees' new address. In addition, we find the lack of notice argument is tenuous at best since appellant's reason for withholding the deposit was not because he did not have appellees' new address, rather, he withheld it because he maintained there were damages for which he should be compensated.

Finally, appellant argues the trial court's award was improper because surrender of the leasehold occurred December 29, 1988, when appellees returned the keys to the premises to appellant, and, therefore, the list of damages mailed to appellees on January 26, 1989 was timely. We agree with the trial court's determination the premises were surrendered December 9, 1988 because on that date the apartment was vacant and two days later the keys, although not accepted, were tendered. Therefore, the January 26, 1989 letter was untimely and appellant forfeited his right under the Landlord and Tenant Act, 68 P.S. § 250.-512(a) and (b), to withhold the security deposit or to sue appellees for damages. Even if we find appellees surrendered the premises on December 11, when the keys were tendered and refused, appellant's written list of damages was still provided over two weeks beyond the thirty-day deadline. Nonetheless, this argument is moot because even if the list was properly provided within the thirty-day period of surrender, appellant still failed to show actual damages, which would justify retainer of the security deposit.

Accordingly, we affirm the trial court's judgment in favor of appellees for $780 plus interest and all costs.

Judgment affirmed.