J-A32031-17

2018 PA Super 255

JOHN NITARDY AND
LAURIE NITARDY,

        Appellees

        v.

MICHAEL CHABOT,

        Appellant

    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    :
    :
    :
    :
    :
    :
    :
    :
    :    No. 599 MDA 2017

Appeal from the Judgment Entered March 7, 2017,
in the Court of Common Pleas of Centre County
Civil Division at No(s): 2014-4542

BEFORE:  OTT, DUBOW, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING OPINION BY STRASSBURGER, J.:

**FILED SEPTEMBER 14, 2018**

I respectfully dissent from the learned Majority's holding as to Landlord's second and fourth issues (*i.e.*, the sufficiency of the written list and Landlord's counterclaim for damages).  In my view, Landlord's list of damages satisfied, by a bare minimum, the requirements of 68 P.S. § 250.512(a).  Further, even if the Majority were correct that the Landlord's list of damages was insufficient, the Majority's remand instructions relating to Landlord's second issue and disposition of Landlord's counterclaim in Landlord's fourth issue are at odds with 68 P.S. § 250.512(b).  I join the learned Majority's Opinion in all other aspects, including the first and third issues presented by Landlord (*i.e.*, the oral modification of the lease to end

_____
* Retired Senior Judge assigned to the Superior Court.

mid-month and the inapplicability of the safe harbor provision in 68 P.S. § 250.512(e)).

I turn first to the sufficiency of Landlord's written list of damages. The Majority concludes that Landlord's list failed to satisfy subsection 250.512(a) because Landlord gave a generalized description of the damage for some of the items on the list and/or provided generalized and/or unspecified damage estimates for others. Majority Opinion, at 12.

The Landlord and Tenant Act (the Act) requires the following regarding a written list of damages.

> (a) Every landlord shall within thirty days of termination of a lease or upon surrender and acceptance of the leasehold premises, whichever first occurs, provide a tenant with a written list of any damages to the leasehold premises for which the landlord claims the tenant is liable. Delivery of the list shall be accompanied by payment of the difference between any sum deposited in escrow, including any unpaid interest thereon, for the payment of damages to the leasehold premises and the actual amount of damages to the leasehold premises caused by the tenant. ...

68 P.S. § 250.512(a). The Act does not define or further describe the term "written list of damages" referred to in subsection 250.512(a), and there are no reported decisions by this Court or our Supreme Court interpreting this term.

I agree with the trial court that, because the landlord must return the difference between the security deposit and the actual damages caused by the tenant along with the written list for damages, implicit in that requirement is that the landlord must assign specific values to items of

damage. However, I disagree that Landlord's list emailed to Tenants on July 19, 2014 (Updated List of Damages) fails to constitute a written list for damages within the meaning of subsection 250.512(a).

In his Updated List of Damages, Landlord did assign monetary values to nine of the items. *See* Landlord's Trial Exhibit D-6 at 2 (listing "Light bulb $8.45"; "Lawn repair $34.81"; "AC filter 18.01"; "Chair repair $2.10"; "Foyer fix $900.00"; and "Porch fix $900.00"). He also assigned monetary values to seven additional items, albeit in lump sums combining unrelated items together. *See id.* (listing "Dog hair cleaning, smell removal, and attempt at foyer repair using fillers $300.00"; "Wall damage repair, painting to cover up marks, handrail repair, counter top repair $1,800"). While assigning a separate value to each item of damage would be preferable for clarity's sake, the Majority and the trial court reads such a requirement into the Act when the Act does not impose such a requirement.

The Majority correctly observes that Landlord failed to provide a monetary value for three items. *See id.* (listing "Carpet repair:?"; "Cabinet stains: ?"; "Shrub damage:?"). However, the aggregate amount of the estimated damages that Landlord did list totaled $4,054.37. Trial Court Opinion and Order, 12/7/2016, at 6. This alleged amount of damage clearly exceeded Tenants' entire security deposit, which was $3,600. *See* Lease Agreement at ¶ 8. The purpose of subsection 250.512(a) is to ensure that a landlord promptly returns all portions of the security deposit that exceed

actual damages. *See* 68 P.S. § 250.512(a). Given that Landlord's overall damage estimate exceeded the security deposit amount, in my view, the fact that Landlord did not include estimates for every item of damage does not mean that Landlord's list fails to satisfy subsection 250.512(a) altogether.

Furthermore, while some of Landlord's descriptions would benefit from more detail and clarity, when read in context with his prior communications with Tenants and the email as a whole, Landlord's Updated List of Damages achieved the purpose of putting Tenants on notice as to the damages Landlord believes they caused. For example, Landlord's reference to a "foyer fix" in the Updated List of Damages is vague, but earlier in the email, he described specific items of damage to the foyer. *See* Landlord's Trial Exhibit D-6 at 1 (describing "[w]ood foyer covered in dog claw scratches, some that dented the underlying wood").

Thus, I conclude that the trial court erred in determining that Landlord failed to send a timely written list of damages to Tenants that satisfied the requirements of subsection 250.512(a). To conclude otherwise would necessitate reading requirements into the Act that do not exist. If the legislature had intended the level of specificity and organization in the description of the damages contemplated by the trial court and the Majority, it would have used language imposing such a requirement. Moreover, the thirty-day timeframe provided by subsection 250.512(a) is not a long period. In many cases, it would be impossible to assemble estimates from

contractors in this timeframe, especially if there is extensive damage to the property. Once the landlord has accounted for damages that exceed the security deposit, I do not believe the Act requires the landlord to provide an exhaustive list of every single item of damage to the property and the exact amount of the repairs within thirty days. Thus, I would find that Landlord's Updated List of Damages satisfies the requirements of subsection 250.512(a) by a bare minimum.[1]

I further part company with the Majority regarding its remand instructions to the trial court and its handling of Landlord's counterclaim for damages. Even if the Majority were correct that Landlord's Updated List of Damages failed to satisfy the requirements of subsection 250.512(a), I respectfully disagree with the Majority's conclusion about the consequences of such noncompliance.

After holding that Landlord failed to comply with subsection 250.512(a), the Majority concludes that Tenants are entitled to double the amount of their security deposit less any actual expenses as provided in subsection 250.512(c). Majority Opinion, at 12. The Majority instructs the

---

[1] I do not condone a landlord's spiteful withholding of a tenant's security deposit. However, even if Landlord was acting spitefully, his Updated Written List does comply with subsection 250.512(a). That being said, since Landlord initially stated that he expected to return most of Tenants' security deposit and only identified the bulk of the damage after the dispute regarding the termination date of the lease arose, the trial court would be within its discretion to seriously question Landlord's credibility as to the extent of the damage when it is considering whether the Landlord is able to establish actual damage.

trial court on remand to determine whether Landlord can prove actual damage for each item on the Updated List of Damages (minus the items that did not contain an estimated value) and whether the amount to repair the item is reasonable. *Id.* If the trial court finds that Landlord can establish both actual damage and a reasonable cost to repair the item, the Majority instructs the trial court to subtract that amount from the doubled security deposit and direct Landlord to pay the remaining balance to Tenants. *Id.* Regarding Landlord's counterclaim, the Majority concludes that even if a landlord fails to comply with subsection 250.512(a), he still has a claim pursuant to the lease to recover damages, but must collect them directly from the tenant rather than deducting them from the security deposit. *Id.* at 14 n.6. Respectfully, I believe these conclusions are based upon a misreading of the Act and a failure to take into account subsection 250.512(b).

As noted above, subsection 250.512(a) requires two things from a landlord: (1) a written list of damages and (2) return of a security deposit to the extent the deposit exceeded the actual amount of damages caused by a tenant. *See* 68 P.S. § 250.512(a). The consequences of failure to comply with subsection 250.512(a) are set forth in subsections 250.512(b) and (c).

> (b) Any landlord who fails to provide a written list within thirty days as required in subsection (a), above, shall forfeit all rights to withhold any portion of sums held in escrow, including any unpaid interest thereon, or to bring suit against the tenant for damages to the leasehold premises.

(c) If the landlord fails to pay the tenant the difference between the sum deposited, including any unpaid interest thereon, and the actual damages to the leasehold premises caused by the tenant within thirty days after termination of the lease or surrender and acceptance of the leasehold premises, the landlord shall be liable in assumpsit to double the amount by which the sum deposited in escrow, including any unpaid interest thereon, exceeds the actual damages to the leasehold premises caused by the tenant as determined by any court of record or court not of record having jurisdiction in civil actions at law. The burden of proof of actual damages caused by the tenant to the leasehold premises shall be on the landlord.

68 P.S. § 250.512(b)-(c).

In other words, subsection 250.512(b) addresses the consequences of the landlord's failure to provide timely a written list and subsection 250.512(c) addresses the consequences of a landlord's failure to return timely the security deposit to the extent it exceeds actual damages. The first consequence of failing to provide timely a written list is forfeiture of the right to withhold the security deposit. **See** 68 P.S. § 250.512(b). Thus, if a landlord does not provide a written list in a timely fashion, the tenant is entitled to recover the full amount of the security deposit. **See id.** The second consequence of failing to provide timely a written list is forfeiture of the right to sue the tenant for damages to the premises. **See id; see also Adamsky v. Picnick**, 603 A.2d 1069, 1071 (Pa. Super. 1992) (holding that because a landlord did not timely submit a list of damages, he forfeited his right to withhold the security deposit or sue tenants for damages). If a landlord fails to pay timely the difference between the security deposit and the actual damages to the premises, the consequence is the landlord's

liability in assumpsit for double the amount of the security deposit to the extent it exceeds the actual damages caused by the tenant. **See** 68 P.S. § 250.512(c).

Thus, in this case, assuming *arguendo* that Landlord failed to provide a sufficient written list, he is unable to recover any amount in his counterclaim for damages to the premises.[2] **See** 68 P.S. § 250.512(b). He also forfeited the right to withhold Tenants' security deposit, so he is liable to Tenants for $3,600. **See id.** If Landlord is able to prove actual damages caused by Tenants that exceed the security deposit amount of $3,600, he will be able to defeat Tenants' claim for double damages, **see** 68 P.S. § 250.512(c), but he cannot recover anything to compensate for the damages because he forfeited the right to the security deposit and to sue to recover damages. **See** 68 P.S. § 250.512(b), (c). If Landlord is able to prove actual damages caused by Tenants that are less than the security deposit amount of $3,600, he will be liable to Tenants for the difference between the security deposit and the amount of actual damages, which then should be doubled. **Id.** I believe my interpretation of the Act stays faithful to its plain language and the intent of the legislature to protect a tenant's right to a timely return of

---

[2] Because subsection 250.512(b) only prohibits Landlord from bringing "suit against [Tenants] for damages to the leasehold premises," 68 P.S. § 250.512(b), Landlord is still entitled to bring a counterclaim for any breach of clause 9 of the Lease Agreement regarding unpaid utility bills. Thus, I join the Majority's Opinion on this issue. **See** Majority Opinion at 20-21.

the security deposit, or in the alternative, an explanation of why the landlord

believes the security deposit should not be returned.