J-A28036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ADIL EL-GHARBAOUI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADEBOWALE AND JIBOLA AJAYI, | : | |
| H/W | : | |
| | : | No. 279 EDA 2016 |
| Appellants | | |

Appeal from the Judgment Entered December 4, 2015
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 130902458

BEFORE: GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 29, 2018**

Appellants, Adebowale and Jibola Ajayi, appeal the December 4, 2015 Judgment entered in favor of Appellee, Adil El-Gharbaoui ("Contractor"), and against Appellants in the amount of $41,500.[1] Upon careful review, we affirm in part and vacate in part.

The relevant factual and procedural history is as follows. On August 30, 2010, Contractor entered into a contract ("Original Contract") with Appellants to renovate the building they owned at 5531 and 5533 Baltimore Avenue, Philadelphia, PA, 19143 ("the Property"), in exchange for $160,000. Contractor began work at the beginning of September 2010, after Appellants

---

[1] On December 4, 2015, the trial court simultaneously entered an Order denying Appellant's Post-Trial Motion.

paid a $25,000 deposit. Contractor completed demolition in September 2010, at a cost of $28,000. After demolition, the building on the Property was an empty shell supported entirely by the partition and exterior walls.

From September 2010 to January 2011, Contractor ceased work on the Property while waiting for a plan from the engineer. On January 29, 2011, the parties agreed to a supplemental contract ("Supplemental Contract"), which included additional masonry work in exchange for an additional $18,000. The Supplemental Contract included a payment schedule with amounts owed when Contractor met certain construction milestones. Between January 29, 2011 and February 14, 2011, Contractor sent Appellants multiple emails documenting completion of milestones. Appellants failed to provide payment to Contractor.

The Property deteriorated over the winter as lack of funding and Contractor's safety concerns delayed construction. Contractor arranged for a structural engineer to visit the Property to address his safety concerns.

On April 1, 2011, Contractor sent an invoice for $22,000 to Appellants for completed masonry work. Appellants did not make any payments. The building degraded and became extremely hazardous, prompting Contractor to contact the Department of Licenses and Inspection ("L&I") to voice his safety concerns. On April 11, 2011, L&I condemned the property.

On the same day, Contractor sent an email to L&I requesting that they remove his name from the Property's building permit. In the email, Contractor stated that he had not worked on the Property in three weeks.

Contractor maintained keys to the Property until April 13, 2011, when Contractor terminated the Original Contract and Supplemental Contract via email.

On September 20, 2011, Contractor filed a Mechanics' Lien Claim against the Property for unpaid work totaling $22,000. On September 22, 2013, Contractor filed a Complaint to Enforce Mechanics' Lien Claim. On July 1, 2015, after a three-day bench trial, the trial court awarded Contractor $41,500, including $22,000 for unpaid work, $11,000 in interest and $8,500 in attorney's fees and costs. The Judgment was entered on December 5, 2015.

Appellants filed a timely Post-Trial Motion to vacate judgment, which the trial court denied. Appellants timely appealed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following issues on appeal:

1. [Are] Appellant[s] entitled to a new trial where the [t]rial [c]ourt conceded that it erred as a matter of law in applying the wrong statute to determine the claims before the court?

2. [Are] Appellant[s] entitled to vacatur of the judgment where the [t]rial [c]ourt held that Contractor's actions in opening the building for a building inspector, retrieving tools and materials, and "probably patch[ing] a little minute something just to keep face" extended the date of completion of Contractor's work under the Mechanics' Lien Law?

3. [Are] Appellant[s] entitled to a new trial where the judge in a bench trial admittedly considered the religious beliefs, race, color, and national origin of the only two defense witnesses proper evidence of "bias and prejudice," in violation of Pennsylvania Rule of Evidence 610?

4. [Are] Appellant[s] entitled to vacatur of the judgment where the [t]rial [c]ourt held that Contractor perfected his mechanics' lien, but where Contractor admitted that he did not achieve "completion of the work" required by the contracts?

Appellants' Brief at 2 (reordered for ease of disposition).[2]

When we review cases arising from non-jury trial verdicts, we consider the evidence in a light most favorable to the verdict winner. ***Wyatt Inc. v. Citizens Bank of Pennsylvania***, 976 A.2d 557, 564 (Pa. Super. 2009). We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. ***Id***. However, where the issue concerns a question of law, our scope of review is plenary. ***Id.*** "The trial court's conclusions of law on appeal

---

[2] Appellants did not raise their third and fourth issues in their Rule 1925(b) Statement. Appellants assert, however, that they raised both issues in Paragraph 1 of their Pa.R.A.P. 1925(b) Statement, which states: "Whether the Court of Common Pleas erred in denying [Appellants'] Post-Trial Motion for the reasons expressed therein?" ***See*** Appellants' Pa.R.A.P. 1925(b) Statement, ¶ 1; Appellants' Reply Brief at 1 n.1, 10 n.3. This Court has held, "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." ***Commonwealth v. Dowling***, 778 A.2d 683, 686–87 (Pa. Super. 2001). Instantly, the trial court was unable to identify and address either issue in its Pa.R.A.P. 1925(a) Opinion. Accordingly, we conclude that Appellants' general reference to their four-page Post-Trial Motion in Paragraph 1 of their Pa.R.A.P. 1925(b) Statement is too vague to identify the issues raised on appeal and effectuate meaningful appellate review. Thus, Appellant's third and fourth issues are waived. ***See Commonwealth v. Castillo***, 888 A.2d 775, 780 ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived"); Pa.R.A.P. 1925(b)(4)(vii).

originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case." *Id.* (internal quotation marks and citation omitted).

In their first issue, Appellants aver that the trial court erred when it applied the Contractor and Subcontractor Payment Act ("CASPA") rather than the Mechanics' Lien Law of 1963 ("Mechanics' Lien Law") to determine the claims before the court. Appellants' Brief at 14. *See* 73 P.S. §§ 501-516; 49 P.S. §§ 1101-1902. In support, Appellants provide two distinct arguments.

First, they argue generally that the trial court applied the wrong statute, CASPA, throughout the entire case. *See* Appellants' Brief at 14. Appellants failed to raise this issue in their Pa.R.A.P. 1925(b) Statement and, therefore, failed to preserve this argument for our review. *See Castillo*, *supra at* 780; Pa.R.A.P. 1925(b)(4)(vii).

In their second argument of this issue, Appellants aver that the trial court applied the wrong statute when it awarded interest and attorney's fees. *Id.* at 15. Appellants argue that the trial court erroneously applied CASPA when it should have applied the Mechanics' Lien Law, which does not

permit the award of interest and attorney's fees. *Id.* We agree, as does the trial court.[3]

Instantly, Contractor filed a Complaint to Enforce Mechanics' Lien Claim pursuant to the Mechanics' Lien Law, which limits the lien to amounts owed for labor and materials only. *See Artsmith Dev. Grp., Inc. v. Updegraff*, 868 A.2d 495, 496 (Pa. Super. 2005). The Mechanics' Lien Law provides, in relevant part:

> Except as provided under subsection (b), every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed five hundred dollars ($500).

49 P.S. § 1301 (a) (emphasis added). It is well settled that a mechanics' lien action is distinct from a breach of contract action seeking remedies pursuant to CASPA, which adds penalties, interest, and attorney's fees. *Wyatt Inc., supra* at 570. Consequently, a contractor cannot include

---

[3] In its Pa.R.A.P. 1925(a) Opinion, the court acknowledged its error in awarding interest and attorney's fees and requested that this Court remand the matter for the trial court to enter appropriate judgment. *See* Trial Court Opinion, filed 12/22/16, at 1, 6.

attorney's fees, penalties, and interest pursuant to CASPA in a mechanics' lien action and a trial court cannot award them. ***See id.***

Here, Contractor did not file an action under CASPA. Rather, he sought relief only under the Mechanics' Lien Law. Accordingly, we find that the trial court erred when it awarded interest and attorney's fees pursuant to CASPA in this mechanics' lien action. As a result, we vacate the portion of the judgment that awarded $11,000 in interest and $8,500 in attorney's fees and costs.

In their second issue, Appellants claim that the Mechanics' Lien Claim filed on September 20, 2011, was untimely, and therefore, this Court should vacate judgment. Appellants' Brief at 23. Appellants argue that a claimant must file a mechanics' lien within six months after completion of work but, in this case, the last day that Contractor supplied labor and materials under the Original and Supplemental Contracts was February 14, 2011, seven months prior to filing the Mechanics' Lien Claim. Therefore, Appellant's argue, the Lien claim was untimely filed. ***Id.*** at 20, 23.

In order to perfect a lien, the Mechanics' Lien Law requires a claimant to file a claim within six months after the "completion of his work[.]" 49 P.S. § 1502. Section 1201 defines "completion of the work" as "performance of the last of the labor or delivery of the last of the materials required by terms of the claimant's contract or agreement, whichever last occurs." 49 P.S. § 1201. Section 1305 explains that a claimant still has a right to lien when it is not his fault that he is unable to complete the work, stating: "Except in

case of destruction by fire or other casualty, where, through no fault of the claimant, the improvement is not completed, the right to lien shall nevertheless exist."  49 P.S. §1305.

Instantly, Contractor filed his Mechanics' Lien Claim on September 20, 2011.  The trial court opined that "it was undisputed that [Contractor] performed work on March 21, 2011, six months before the lien was filed[,]" based on Contractor's testimony that he sent an email on April 11, 2011 to L&I requesting that his name be removed from the building permit and informing L&I that he last worked on the Property three weeks prior.  Trial Court Opinion, filed 12/22/16, at 3, 4.  The trial court's factual finding that Contractor performed the last of the labor on March 21, 2011 is supported by competent evidence.  Contractor had until September 21, 2011, six months later, to file a timely Lien claim.  Contractor timely filed the Lien claim on September 20, 2011.  Thus, Appellant's second claim warrants no relief.

In conclusion, we affirm in part and vacate in part.  The Mechanics' Lien Law limits Contractor's Mechanics' Lien Claim to amounts owed for labor and materials only, and, thus, we vacate the portion of the judgment that awarded $11,000 in interest and $8,500 in attorney's fees and costs.

Judgment affirmed in part and vacated in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/18