J-A10045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRACKENRIDGE CONSTRUCTION COMPANY INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | No. 2611 EDA 2019 |
| LAKEVILLE DPP, LLC, | : | |

Appeal from the Order Entered July 30, 2019
In the Court of Common Pleas of Wayne County Civil Division at No(s):
No. 90-MLD-2017

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 9, 2020**

Brackenridge Construction Company, Inc. (Brackenridge) appeals from the order entered in the Court of Common Pleas of Wayne County (trial court) sustaining the preliminary objections of Lakeville DPP, LCC (Lakeville) and striking Brackenridge's mechanics' lien claim.  The trial court found that Brackenridge was precluded from enforcing its lien because it had already prevailed at arbitration on claims for unpaid labor.  After review, we reverse and remand for further proceedings.

**I.**

In April 2016, Brackenridge entered into a master construction contract with Dollar Texas Properties XV, LLC c/o GBT Realty Corporation (GBT) to build

_____

[*] Retired Senior Judge assigned to the Superior Court.

two Dollar General Stores in Pennsylvania. One would be built in Wayne County, which is the subject project in this appeal; the other would be built in Franklin County. Under the contract, GBT would assign all of its rights to a special purpose entity created to finance and own each respective project. Lakeville is the assignee of the Wayne County project and owner of the subject property.

The contract also contained dispute resolution provisions requiring all disputes to be settled by binding arbitration. Section 12.4 of the contract entitled "BINDING DISPUTE RESOLUTION" provided:

> If the matter is unresolved after submission of the matter to a mitigation procedure or to mediation, the Parties shall submit the matter to the binding dispute resolution procedures selected below.
>
> ***
>
> Arbitration using the current Construction Industry Arbitration Rules of the AAA [American Arbitration Association] or the Parties may mutually agree to select another set of arbitration rules. The administration of the arbitration shall be as mutually agreed by the Parties. If the Parties cannot agree, then it shall be administered by AAA.

The dispute resolution provisions also addressed Brackenridge's lien rights under Section 12.6 entitled "LIEN RIGHTS." That section provided that "[n]othing in this article shall limit any rights or remedies not expressly waived by the Contractor that the Contractor may have under lien laws."

After completing both projects, Brackenridge disputed how much it had been paid for its work, claiming that it was still owed $102,480.73 for the

Wayne County project and $76,707.49 for the Franklin County project. Consequently, in December 2017, Brackenridge timely filed in each county a statement of mechanics' lien claims pursuant to the Mechanics' Lien Law of 1963 (Mechanics' Lien Law), 49 P.S. §§ 1101-1902.[1]

As required by the contract, Brackenridge's unpaid labor claims were submitted to arbitration. On March 11, 2019, the Arbitrator issued an award in favor of Brackenridge for the full amount of its unpaid labor claims on both projects totaling $179,188.21 plus interest.[2] That amount, however, was

---

[1] Contractors are required to file a claim within six months after completion of work. **See** 49 P.S. § 1502(a)(1).

[2] An arbitrator's authority is restricted to the powers the parties have granted him [or her] in the arbitration agreement. A common law arbitration award "may be corrected if the arbitrator exceeds the scope of his authority." **Com. ex rel. Kane v. Philip Morris USA, Inc**., 114 A.3d 37, 56 (Pa. Cmwlth. 2015) (citations and internal quotation marks omitted.) The Arbitrator listed the six separate claims and counterclaims that were submitted to him to decide as:

> 1. A claim by Claimant for the unpaid balances due for work performed under the Agreement and Amendments.
>
> 2. A claim by Claimant for interest on the unpaid balance referenced in claim 1 above.
>
> 3. A claim by Claimant for penalties and legal fees under Pennsylvania's Contractor and Subcontractors Payment Act.
>
> 4. A counterclaim by Respondent that Claimant owes liquidated damages to Respondent for failure to complete the work on the Projects on time.

offset by a $70,000 credit awarded to GBT for paving work on the Franklin County project because it was already included in its original bid. Accordingly, excluding costs and attorneys' fees, Brackenridge's final award was $109,188.21 plus interest. Both parties sought modification with Brackenridge seeking to decrease the $70,000 offset while GBT wanted language added that the award also settled any derivative lien claims arising out of the contract. The Arbitrator, however, declined both requests.

In the weeks after the arbitration, Brackenridge and GBT reached an impasse over payment of the award. GBT claims that it tried to pay but Brackenridge rejected any payment that did not also include the $70,000 offset. Believing that Brackenridge was using its mechanics' liens as a vehicle to recover payment beyond that awarded, GBT refused to pay any part of the arbitration award until Brackenridge released its mechanics liens against the properties.

---

5. A counterclaim by Respondent that Claimant owes Respondent money for performing paving work that was in Claimant's scope of work for the Lakeville Project.

6. A counterclaim by Respondent for punch list work not performed by Claimant.

(Reproduced Record at 141).

- 4 -

In May 2019, Brackenridge filed complaints in both counties to enforce its mechanics' lien claims against the properties.[3]  Lakeville, as owner of the Wayne County property, responded in the trial court by filing preliminary objections in the nature of a motion to strike.  Relying on *res judiciata* and collateral estoppel, Lakeville asserted that the complaint was legally insufficient under Pa.R.C.P. 1028(a)(4) because the underlying basis for the lien—the unpaid labor claims—had already been litigated and decided at the arbitration.[4]  Brackenridge countered that its lien rights were not submitted in the arbitration and were preserved by Section 12.6 of the contract's dispute resolution provisions.  On July 30, 2019, the trial court sustained Lakeville's preliminary objections and struck Brackenridge's complaint with prejudice,

---

[3] 49 P.S. § 1701(a) provides that "[t]he practice and procedure to obtain judgment upon a claim filed shall be governed by the Rules of Civil Procedure promulgated by the Supreme Court."

[4] Pa.R.C.P. 1028(a)(6) also provides that preliminary objections may be filed based on the "pendency of a prior action or agreement for alternative dispute resolution."  We also note that Pa.R.C.P 1030(a) provides that "all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, **estoppel**, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, **res judicata**, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading [Answer] under the heading 'New Matter.'  A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading." (Emphasis added).

stating that it did not "have the appropriate authority to revisit or reconsider the issues decided at the arbitration."[5]

After dismissal of its complaint, Brackenridge filed a notice of appeal.[6] In its court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Brackenridge contended that the trial court erred in finding that the prior arbitration precluded enforcement of its mechanics' lien.[7]

---

[5] Similar preliminary objections were filed in Franklin County. Finding neither *res judicata* nor collateral estoppel precluded enforcement of the mechanics' lien, the trial court there overruled the preliminary objections and allowed Brackenridge's complaint to continue.

[6] Though the notice of appeal was filed one day after the expiration of the 30-day appeal deadline, Brackenridge has submitted documentation showing that its notice of appeal was received by the Prothonotary on August 29, 2019, but was not filed until the following day. *Nagy v. Best Home Services, Inc.,* 829 A.2d 1166, 1168 (Pa. Super. 2003*)* (finding delay in filing appeal excusable because of "breakdown in the court's operations" based on Prothonotary's failure to time-stamp and docket timely notice of appeal).

[7] Our standard of review is as follows:

> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom.

*Khawaja v. RE/MAX Cent.*, 151 A.3d 626, 630 (Pa. Super. 2016) (citation omitted).

**II.**

Though Brackenridge has split its argument into three issues, they all go to a single question: whether collateral estoppel[8] precludes a contractor from enforcing a mechanics' lien claim after there was an arbitration award involving the claims between the parties. Brackenridge contends that the trial court erred in holding that the arbitration award had a preclusive effect on the mechanics' lien action because Section 12.6 of the contract expressly provides that nothing in the dispute resolution provisions limits its right to file a claim

---

[8] Collateral estoppel (issue preclusion) is closely related to *res judicata*, but bears certain distinctions:

> [W]e note that the doctrine of *res judicata* subsumes the more modern doctrine of issue preclusion which forecloses re-litigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment. **Clark v. Troutman**, 509 Pa. 336, 340, 502 A.2d 137, 139 (1985). Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment. **Philadelphia Marine Trade Association v. International Longshoreman's Association**, 453 Pa. 43, 308 A.2d 98 (1973); **see also Mellon Bank v. Rafsky**, 369 Pa. Super. 585, 535 A.2d 1090 (1987).

**City of Pittsburgh v. Zoning Board of Adjustment**, 559 A.2d 896, 901 (Pa. 1989).

under the lien laws. Moreover, it contends that its mechanics' lien claim differs from the unpaid labor claim submitted at arbitration. Whereas its mechanics' lien proceeding is an action *in rem* which attaches to the subject property, its unpaid labor claim at the arbitration was an *in personam* action which attached against the generalized assets of the unsuccessful party in the action.

We agree with Brackenridge that an arbitration award does not preclude a mechanics' lien enforcement proceeding because they protect different, though overlapping, interests. Mechanics' liens are designed to protect persons who improve a piece of property by giving them a lien against that property for payment for material and labor independent of contractual remedies. ***Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's Development Co***., 90 A.3d 682, 690 (Pa. 2014).[9] However, because the type of damages are limited to material and labor, a mechanics' lien is not the basis for recovery of unliquidated damages for breach of

_____

[9] Section 301 of the Mechanics Lien Law provides:

> [E]very improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed five hundred dollars ($500).

49 P.S. § 1301(a).

contract because it is not intended to settle the contractual obligations of the parties. **Wyatt, Inc. v. Citizens Bank of Pennsylvania**, 976 A.2d 557, 570 (Pa. Super. 2009). As a result, in a mechanics' lien proceeding, the owner may not raise a true counterclaim but only the right to setoff that is limited to the amount of the lien itself. 49 P.S. § 1701(e).

Because it is not intended to settle the underlying contractual obligation, a mechanics' lien is "an additional concurrent and cumulative remedy *in rem*, given by statute, and does not derogate from any other available remedies such as *assumpsit*." **Halowich v. Amminiti**, 154 A.2d 406, 407 (Pa. Super. 1959) (citations omitted). This holding flows directly out of Section 702 of the Mechanics Lien Law, 49 P.S. § 1702, which provides that "[n]othing in this act shall alter or affect the right of a claimant to proceed in any other manner for the collection of his debt."

Consequently, "[a] civil action is not barred by the pendency of an action *in rem* upon a Mechanics' Lien, nor is the Mechanics' Lien claim barred by the pendency of the civil action; a plaintiff has the liberty to proceed against the property at the same time that he resorts to a personal action against the defendant." **Artsmith Development Group v. Updegraff**, 868 A.2d 495, 497 n.1 (Pa. Super. 2005). This is true even though the mechanics' lien action or the civil action has concluded.

In **Matternas v. Stehman**, 642 A.2d 1120 (Pa. Super. 1994), we considered whether an *assumpsit* action brought by a property owner was

barred by either *res judiciata* or collateral estoppel by a prior mechanics' lien

claim that had been settled by consent order. In first holding that *res judicata*

was not applicable, we explained that:

> A mechanics' lien proceeding merely addresses the rights of parties vis-a-vis a parcel of property. It does not address the rights of parties vis-a-vis each other. In the former mechanics' lien action hereunder, [contractor] and [property owner] contested their interest in a certain real property; they did not litigate, for the purpose of *res judicata,* their contractual rights as against each other. This should be evident from the language of the statutory law, which does not allow an owner to assert a counterclaim as part of a set-off, nor is any money judgment authorized. 49 P.S. § 1701(e). That would inject an *in personam* claim into what is essentially an *in rem* proceeding.

*Id*. at 1123.

We held that *res judicata* did not apply based on there being no identity

in the cause of action because the lien proceeding was not intended to settle

the contractual obligations of the parties, especially since the Mechanics' Lien

Law was merely intended to "protect the prepayment labor and materials that

a contractor invests in another's property[.]" *Id*. at 1124.

Just because the bringing of a mechanic's lien action is not precluded

because another proceeding is pending or concluded does not mean collateral

estoppel does not apply to issues involved in the mechanic's lien proceeding.

Tellingly, in *Matternas*, we did not foreclose the application of collateral

estoppel but instead found that the consent order was inadequate to enable

us to discern whether the parties intended for the consent agreement to also

settle the *assumpsit* issue. *Id.* at 1125-26. If Lakeville's position is correct

that the unpaid labor claim or any setoff was decided in the arbitration proceeding, that could have preclusive effect on those issues in this proceeding. Brackenridge could also use collateral estoppel offensively to relieve it having to prove its underlying claims.[10] Even if the amount awarded is the same as awarded in the arbitration award, the net effect is that Brackenridge would have a lien against the real property to which it made improvements.

Accordingly, because Brackenridge can maintain a mechanics' lien proceeding even though there is an arbitration award extant, we reverse the trial court's dismissal of that action and remand for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/09/2020

---

[10] Collateral estoppel is used offensively when the "plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." **Shaffer v. Smith**, 673 A.2d 872, 874 (Pa. 1996) (citation omitted). Offensive collateral estoppel may only be utilized when certain additional considerations are met. **See Toy v. Metropolitan Life Ins. Co.**, 863 A.2d 1, 15 (Pa. Super. 2004) (summarizing additional elements for offensive collateral estoppel).